UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS ANDERSON, SHERIFF OF AVOYELLES PARISH | CIVIL ACTION NO. 1:17-CV-01567 |
| VERSUS | JUDGE DRELL |
| PURDUE PHARMA, L.P., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## SUA SPONTE JURISDICTIONAL REVIEW BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (Doc. 1). Defendants premise federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged."

Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir.1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Defendants make the following representations as to the citizenship of all parties (Doc. 1):

1. Plaintiff Douglas Anderson in his capacity as Sheriff of Avoyelles Parish is a citizen of Louisiana.

2. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey. Therefore, it is a citizen of New Jersey.

3. Defendant Purdue Pharma L.P. is a limited partnership. Defendants state that none if its partners are Louisiana citizens. The partners are not identified.

2

4. Defendant Purdue Pharma Inc. is a New York corporation with its principal place of business in Connecticut. Therefore, it is a citizen of both New York and Connecticut.

5. Defendant The Purdue Fredrick Company Inc. is a New York corporation with its place of business in Connecticut. Therefore, it is a citizen of both New York and Connecticut.

6. Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Therefore, it is a citizen of both Delaware and Pennsylvania.

7. Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Therefore, it is a citizen of both Delaware and Pennsylvania.

8. Defendant Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in New Jersey. Therefore, it is a citizen of both Pennsylvania and New Jersey.

9. Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. is now known as Janssen Pharmaceuticals, Inc. Defendants have provided only the citizenship of Janssen Pharmaceuticals, Inc., which is a citizen of both Pennsylvania and New Jersey.

10. Defendant Janssen Pharmaceutica, Inc. is now known as Janssen Pharmaceuticals, Inc. Defendants have provided only the citizenship of Janssen Pharmaceuticals, Inc., which is a citizen of both Pennsylvania and New Jersey.

11. Defendant Endo Health Solutions, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Therefore, it is a citizen of both Delaware and Pennsylvania.

12. Defendant Endo Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Therefore, it is a citizen of both Delaware and Pennsylvania.

13. Defendant Perry Fine, M.D., is a citizen of Utah.

14. Defendant Scott Fishman, M.D. is a citizen of California.

15. Defendant Lynn Webster, M.D. is a citizen of Utah.

16. Defendant Randall Brewer, M.D. is a citizen of Louisiana.

Defendants argue Dr. Brewer is fraudulently joined and procedurally improperly as a defendant.

There are two problems with Defendants' Notice of Removal:

1. Defendants have not shown the identities of the partners of Purdue Pharma L.P. and their citizenships. It is insufficient to simply state that none of the (unnamed) partners are citizens of Louisiana.

2. Defendant Janssen Pharmaceuticals, Inc. appears to have filed its statement of merger with Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. on November 30, 2017.[1] Therefore, although they were diverse in citizenship at the time of removal on December 1, 2017, Defendants failed to set forth the citizenships of Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. at the time this action was initially filed in state court on September 18, 2017.

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. shall file a Jurisdictional Memorandum setting forth: (1) the identity and citizenship of each partner in Purdue Pharma L.P.; (2) the citizenships of Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica, Inc. as of September 18, 2017; and (3) verify the date(s) of the merger(s) between Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. and set forth the citizenships of Ortho-McNeil-Janssen Pharmaceuticals, Inc. and

---

[1] See https://www.corporations.pa.gov/search/corpsearch.

Janssen Pharmaceutica, Inc. at the time of the merger(s) if different than those set forth above.

IT IS FURTHER ORDERED that Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. shall file also file, no later than **21 days** from service of this Order, a motion under for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiff will be allowed **7 days** from receipt of Defendants' memorandum regarding jurisdiction to file a Response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge